FILED
 2012 Jul-10  PM 03:21
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| CAMERON D. LANE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 11-G-3241-NE |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | |

**MEMORANDUM OPINION**

The plaintiff, Cameron D. Lane, brings this action seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying his application for Social Security Benefits. The plaintiff filed an application for Social Security Benefits on April 17, 2008. Thereafter, plaintiff timely pursued and exhausted the administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations

omitted).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  <u>Bloodsworth</u>, at 1239.  The court has carefully reviewed the entire record in this case and is of the opinion that the Commissioner's decision is supported by substantial evidence and that proper legal standards were applied in reaching that decision.[1]  Accordingly, the decision of the Commissioner must be affirmed.

---

[1]  Specifically, the ALJ found that the plaintiff was less than credible regarding his allegations of disabling pain:

> It is also noted that the claimant testified that he takes Lortab, but stated in the Disability Report he completed that he does not have a prescription for it.  <u>The record shows no treatment for back pain since July 2003 and no treatment for shoulder pain since August 2007.  The record shows no medical treatment whatsoever since August 2007, except fo the examination by Dr. Carnel pursuant to his application</u>.  The claimant's representative stated in the Response to the Prehearing Order that the record is complete to his knowledge. (Exhibit 12E)  This lack of treatment is clearly inconsistent with the claimant's allegations of disabling back and shoulder pain.  He also testified that the has no automobile insurance and his driver's license has been suspended, yet he stated in the "Function Report" submitted in conjunction with his application that he does drive.  (Exhibit 4E) <u>The claimant also stated at the hearing that he could perform the job of a gate guard if he could find that job</u>.

[R. 23-24](emphasis added)

A separate order in conformity with this memorandum opinion will be entered.

DONE and ORDERED 10 July 2012.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.